UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRY J. BENDER, | ) | CASE NO. 1:06 CV 1504 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 19, 2006, plaintiff pro se Terry J. Bender filed this Bivens[1] action against the United States of America, Assistant United States Attorney ("AUSA") Sharon L. Long, AUSA B. Bakeman, and AUSA Timothy McGargh. He also includes a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. In the complaint, plaintiff alleges that the defendants induced him to plead guilty to drug charges. He seeks compensatory and punitive damages in the amount of $ 50,000,000.00 and an order enjoining the defendants from "continuing to violate his constitutional rights" by enforcing the conviction.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

### *Background*

Mr. Bender, along with eighteen other individuals, was indicted in the United States District Court for the Northern District of Ohio on March 17, 1993. He was charged with conspiring to possess and distribute cocaine, being a felon in possession of a firearm, and money laundering. He entered a plea of "not guilty" at his arraignment. Sometime thereafter, Mr. Bender, represented by Attorney Roger Synenberg, entered into a plea agreement under which Mr. Bender agreed to plead guilty to all of the charges and fully cooperate in the prosecution of his co-conspirators. Mr. Bender contends that his guilty plea was also contingent upon the dismissal of charges against his mother, Bertha Williams, who was one of the indicted co-conspirators. The plea agreement provided that if Mr. Bender fully cooperated with the government, the government would recommend to the court, at the time of sentencing, a three level reduction pursuant to the Federal Sentencing Guidelines § 5K1.1, to reflect Mr. Bender's substantial cooperation. It also provided that if Mr. Bender did not cooperate, the government would be released from its obligation to recommend the three level reduction, and Mr. Bender would have no right to withdraw his guilty plea. (Compl. Ex. 3) He entered his guilty plea before the court on June 1, 1993.

On August 4, 1993, Mr. Bender met with AUSA Sharon Long to discuss his testimony in the upcoming trial of co-conspirator, Jamal Merriweather. Five days later and one day before his scheduled sentencing, Mr. Bender refused to testify against Mr. Merriweather and filed a Motion to Vacate his Guilty Plea. He asserted, through new counsel, that he did not thoroughly read the plea agreement and had been coerced into pleading guilty because the government had offered to dismiss the charges against his mother if he accepted the agreement. The government disputed Mr. Bender's reasons for seeking to withdraw his guilty plea, stating that the district court

judge questioned Mr. Bender thoroughly before accepting the plea, and denying that they had made any offer to dismiss the charges against Ms. Williams as a part of the plea deal. The court conducted a hearing and denied the Motion to Vacate Guilty Plea, finding, in part, that Mr. Bender understood the terms of the plea, and that Mr. Bender, not the government, initiated the discussion of dismissing the charges against Ms. Williams. The court also found merit with the government's position that the decision to dismiss the charges against Ms. Williams was motivated by the Sixth Circuit's recent in United States v. McDougald, 990 F.2d 259 (6th Cir. 1993), and not Mr. Bender's plea. Mr. Bender was sentenced to 360 months in prison, the term recommended in the presentence report. The government did not recommend that Mr. Bender receive the sentence reduction. He appealed his conviction and sentence, but the judgment of the district court was affirmed.

    Mr Bender contends that it was not until November 1, 2002, that he saw the government's Answer to his Motion to Vacate his Guilty Plea. He claims that in the Answer, AUSA Sharon L. Long admitted that he had entered into the agreement to have the charges against his mother dismissed. He alleges that Ms. Long committed perjury during the hearing on his Motion to Vacate Guilty Plea when she denied that the government had offered to dismiss the charges in exchange for his plea.

    Mr. Bender then initiated a number of legal maneuvers to attack his guilty plea, conviction, and sentence. He indicates he filed:

> two § 2255 motions, two rule 60(b) motions to
> reconsider, an unsuccessful writ of mandamus relief
> in the Sixth Circuit,[2] with a later motion to reconsider

---

[2] Mr. Bender admits to filing one Petition for a Writ of Mandamus with the Sixth Circuit
(continued...)

> it also. According to the court's account, after (Bender) was rejected for the eighth time, he sought permission from the Sixth Circuit on order to bring a successive § 2255 motion, and this too, was denied. Thereafter (Bender) went back to the District Court with another rule 60(b) motion, which also contained other motions, including a motion to recuse the trial court. The trial court denied relief, in a memorandum, opinion, and order...transfer[ring] the matter to the Sixth Circuit as a request for permission to bring a successive § 2255 motion. When (Bender) appealed that result, the Sixth Circuit issued two opinions. Subsequently, the Sixth Circuit affirmed in all respects. Thereafter, (Bender) filed an administrative tort claim, Case No.:TRT-MXR-2003-01127, the agency determined that (Bender's) claim originated with the U.S. Attorneys office for the Northern District of Ohio...till [sic] this date the Attorneys Office have not responded. Thereafter, (Bender) filed a civil lawsuit for damages against the United States of America, (USA) and Sharon L. Long (Long), the court dismissed, sua sponte, pursuant to 28 U.S.C. 1915(A) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) on November 20, 2004. On January 31, 2005, (Bender) filed a 28 U.S.C. § 2241 motion, the court stated that (Bender) was technically innocent, but denied his request for relief, citing <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (6th Cir. 1999). A timely appeal followed, the Sixth Circuit affirmed the District Court. Thereafter (Bender) filed another successive § 2255 motion to vacate his conviction and sentence, again alleging actual innocence, and (Long's) perjured testimony. That request was denied as well.

(Compl. at 2-3.)

Mr. Bender has now filed this present action to, once again, challenge his guilty plea,

---

[2](...continued)

Court of Appeals. The court's docket reflects that he filed 5 mandamus actions: USCA Case No. 99-3396, No.01-3599, No. 04-3150, No. 04-3239, and No. 05-3836.

conviction and sentence. He contends that Ms. Long's denial of the agreement to dismiss the charges against his mother continues to deny him due process because he is still incarcerated under that conviction. He further asserts that the failure to admit to this part of the plea agreement at the court hearing constitutes a Brady violation,[3] and a fraud upon the court. He seeks monetary damages, "injunctive relief [and] a trial on the merits." (Compl. at 5.)

## *Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, it is evident on the face of Mr. Bender's pleading that he has unsuccessfully litigated this matter multiple times in every conceivable type of action available in federal court. He has filed a direct appeal, two Motions to Vacate Sentence under 28 U.S.C. § 2255, several Motions to file successive petitions under 28 U.S.C. § 2255, Motions for Relief from Judgment under FED. R. CIV. P. 60(B), Motions to Alter or Amend Judgment under FED. R. CIV.

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

P. 59(e), miscellaneous Motions to declare his conviction void, Mandamus actions, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, an administrative tort claims action, and a Bivens action against the United States and Ms. Long. In each of these filings, Mr. Bender claimed that he was entitled to reversal of his conviction because Ms. Long did not accurately disclose the terms of the plea agreement to the court. Each time, that claim was found to be without merit. Mr. Bender has now filed yet another Bivens action in which he asserts this same claim which has been considered and rejected in all of these previous actions.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter.

In addition, this case is subject to dismissal for the same reasons set forth in the dismissal of his previous Bivens action. Bender v. United States, 1:04 CV 2159 (N.D. Ohio filed Oct. 28, 2004). A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or

sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Bender raises a claim which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by a federal habeas corpus decision. His pleading clearly demonstrates that his numerous attempts to overturn his conviction have been unsuccessful. His claim must therefore must be dismissed.

### *Vexatious Litigation*

Finally, the court takes judicial notice of its own records in observing that Mr. Bender has filed at least 39 post-conviction challenges to his guilty plea, conviction and sentence since his incarceration in 1993.[4] The claims asserted in each of these challenges are the same; that Ms. Long did not fully disclose the terms of the plea agreement to the court during the hearing on

---

[4] He filed two Motions to Vacate Sentence under 28 U.S.C. § 2255, Bender v. United States, Case No.1:97 CV 986 (N.D. Ohio filed Apr. 21, 1997), Bender v. United States, 1:97 CV 1062 (N.D. Ohio filed Apr. 24, 1997). He then filed four Motions seeking to file successive § 2255 petitions. He filed a habeas corpus petition under 28 U.S.C. § 2241 in the Eastern District of Kentucky, Bender v. O'Brien, Case No. 0:05 CV 0026 (E.D. KY filed Jan. 31, 2005), and five petitions for a writ of mandamus in the United States Sixth Circuit Court of Appeals. In addition to this action, he filed one other Bivens civil rights action, Bender v. United States, 1:04 CV 2159 (N.D. Ohio filed Oct. 28, 2004), and initiated an administrative tort action against the United States. In these civil cases, as well as in the criminal prosecution, United States v. Bender, Case No. 1:93 cr 0044 (N.D. Ohio filed Feb. 3, 1993) and the forfeiture action, United States v. $11,540.00 in U.S. Currency, Case No. 1:94 CV 1212 (N.D. Ohio filed June 14, 1994), Mr. Bender filed seven Motions for Relief from Judgement pursuant to FED. R. CIV. P. 60(B), ten Motions to Alter or Amend Judgment under FED. R. CIV. P. 59(e), a Motion to Modify his term of Imprisonment, two Motions to Disqualify the United States Attorneys Office from responding to his actions, two Motions for Recusal of the court, a Motion to Amend Judgment under FED. R. CIV. P. 15(c), and a Motion to Vacate for Fraud Upon the Court and Judgment as Void, a Motion to Amend Judgement based on fraud, and a Motion to Amend Judgment based on Manifest Error of Law. Each of these Motions sought relief from the underlying judgment of conviction.

his Motion to Withdraw his Guilty Plea, and his conviction therefore should be set aside. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[5]

Mr. Bender has established a pattern of filing pleadings and motions which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. It is further evident that Mr. Bender will continue to file these pleadings and motions, undeterred by the repeated rejection of his claims, unless the court takes action to prevent him from proceeding on this course of action.

Consequently, Terry L. Bender is permanently enjoined from filing any new lawsuits

---

[5] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Bender prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a

copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Bender files, unless and until leave is granted.

*Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A and the plaintiff is enjoined from filing any documents without leave of court as provided by the terms of this order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/4/06

---

[6] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-10-